WO                                                                                          JL

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jose Luis Tapia Fierro,<br><br>  Plaintiff,<br><br>v.<br><br>Merrick B. Garland, et al.,<br><br>  Defendants. | No. CV 21-00814-PHX-JAT (ESW)<br><br><br>**ORDER** |

Plaintiff Jose Luis Tapia Fierro, who is confined in the Arizona State Prison Complex-Florence, has filed a pro se civil rights Complaint (Doc. 1) pursuant to 28 U.S.C. § 1331 and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), an Application to Proceed In Forma Pauperis (Doc. 4), and a Motion in Support of Complaint (Doc. 6). The Court will grant the Application to Proceed, dismiss this action, and deny as moot the Motion in Support of Complaint.

**I.    Application to Proceed In Forma Pauperis and Filing Fee**

The Court will grant Plaintiff's Application to Proceed In Forma Pauperis. 28 U.S.C. § 1915(a). Plaintiff must pay the statutory filing fee of $350.00. 28 U.S.C. § 1915(b)(1). The Court will assess an initial partial filing fee of $46.66. The remainder of the fee will be collected monthly in payments of 20% of the previous month's income credited to Plaintiff's trust account each time the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2). The Court will enter a separate Order requiring the appropriate government agency to collect and forward the fees according to the statutory formula.

**II.     Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 681.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a pro se prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).

. . . .

If the Court determines that a pleading could be cured by the allegation of other facts, a pro se litigant is entitled to an opportunity to amend a complaint before dismissal of the action. *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (en banc). Plaintiff's Complaint will be dismissed for failure to state a claim, without leave to amend because the defects cannot be corrected.

## III.  Complaint

In his three-count Complaint,[1] Plaintiff sues United States Attorney General Merrick B. Garland and Department of Homeland Security Secretary Alejandro Mayorkas. Plaintiff asserts that he was erroneously deported and illegally imprisoned and detained in violation of the Fourth and Fifth Amendments and United States immigration law. Plaintiff is seeking $12 million in damages.

In Count One, Plaintiff alleges that on June 12, 2001, an Immigration Judge (IJ) determined that Plaintiff was removable based on his conviction for involuntary manslaughter, which the IJ concluded was an aggravated felony under the Immigration and Nationality Act (INA). Plaintiff asserts that the IJ "deprived him of appeal rights" as it "was found by a U.S. District Court Judge for the Central District of California . . . that involuntary manslaughter is not an a[ggravated felony]." Plaintiff notes that this claim was previously dismissed as untimely, but contends that "when it comes to a violation of the Constitution, there is no statute of limitations."[2]

In Count Two, Plaintiff again alleges that he should not have been deported in 2001. According to Plaintiff, he was convicted of attempted illegal reentry in 2002 and was sentenced to a 104-month term imprisonment, which was later reduced to a 77-month term. On March 6, 2007, the Federal Bureau of Prisons released Plaintiff into the custody of Immigration and Customs Enforcement (ICE). He then spent approximately 40 months

---

[1] Plaintiff describes his Complaint as a "Second (2nd) Round Complaint" based on the existence of a prior action in this Court that was dismissed as barred by the statute of limitations. *See Tapia-Fierro v. Sessions*, CV 17-04005-PHX-JAT (ESW) (D. Ariz. July 11, 2018), Docs. 15, 16.

[2] Plaintiff quotes from a January 13, 2021 statement by Rahm Emanuel.

being transferred from one ICE facility to another "in a 'triangle fashion.'" Plaintiff claims he should not have been prosecuted for attempted illegal reentry because the 2001 order of removal was "invalid from its inception."

In Count Three, Plaintiff alleges that ICE initially detained him in the "Atlanta City Department of Corrections," then at a CoreCivic facility in Lumpkin, Georgia, and then at the Etowah County Jail in Gadsden, Alabama. While in the Etowah County Jail, Plaintiff allegedly went on a hunger strike to protest his "unlawful and prolonged detention" and ICE's refusal to release him or transfer him to California, where he had a Petition for Review pending in the Ninth Circuit Court of Appeals. Plaintiff was eventually placed in a mental health unit in the "Atlanta, G[eorgia] Department of Corrections," where he remained for more than a year. During that time, Plaintiff filed a complaint related to his detention in the United States District Court for the Northern District of Georgia. On September 26, 2011, the United States District Court for the Central District of California granted Plaintiff's second petition for writ of habeas corpus, concluding that the federal government's continued detention of Plaintiff "would not be authorized under the federal provisions of the INA and would be unconstitutional."

As a result of the conduct alleged in the Complaint, Plaintiff has purportedly suffered psychological damage, pain, anxiety, and mental anguish.

## IV. Plaintiff's Claims are Duplicative

An in forma pauperis complaint that merely repeats pending or previously litigated claims may be considered abusive and dismissed under 28 U.S.C. § 1915(e). *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995); *Aziz v. Burrows*, 976 F.2d 1158 (9th Cir. 1992) ("district courts may dismiss a duplicative complaint raising issues directly related to issues in another pending action brought by the same party").

As Plaintiff acknowledges in his Complaint, the claims he is raising were asserted previously in an action that was dismissed as barred by the statute of limitations. *Tapia-Fierro v. Sessions*, CV 17-04005-PHX-JAT (ESW) (D. Ariz. July 11, 2018), *aff'd*, No. 18-

16543 (9th Cir. Feb. 25, 2019). They are therefore duplicative, and the Court will dismiss this action accordingly.

**IT IS ORDERED:**

(1) Plaintiff's Application to Proceed In Forma Pauperis (Doc. 4) is **granted**.

(2) As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $350.00 filing fee and is assessed an initial partial filing fee of $46.66.

(3) Plaintiff's Motion in Support of Complaint (Doc. 6) is **denied as moot**.

(4) The Complaint (Doc. 1) is **dismissed** for failure to state a claim pursuant to 28 U.S.C. § 1915A(b)(1), and the Clerk of Court must enter judgment accordingly.

(5) The Clerk of Court must make an entry on the docket stating that the dismissal for failure to state a claim may count as a "strike" under 28 U.S.C. § 1915(g).

(6) The docket shall reflect that the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3) and Federal Rules of Appellate Procedure 24(a)(3)(A), that any appeal of this decision would not be taken in good faith.

Dated this 1st day of July, 2021.

James A. Teilborg
Senior United States District Judge